UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN NOVAK and RICHARD REYES,
for themselves,

    Plaintiffs,

v.                                           CASE NO.:

RESTORATION BUILDERS, INC.,
a Foreign Profit Corporation, itself and doing
business as Restoration Builders of Florida

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JOHN NOVAK ("NOVAK"), and RICHARD REYES ("REYES") (collectively "Plaintiffs"), for themselves, by and through undersigned counsel, file this Complaint against Defendant, RESTORATION BUILDERS, INC., a Foreign Profit Corporation, itself and doing business as Restoration Builders of Florida ("Defendant" or "RBF"), and in support thereof state as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq., hereinafter called the "FLSA," to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, and reasonable

1

attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiffs' breach of contract and unjust enrichment claims pursuant to 28 U.S.C. §1367(a) because Plaintiffs' breach of contract and unjust enrichment claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as their overtime and minimum wage claims.

## PARTIES

4. At all times material hereto, Plaintiff NOVAK was, and continues to be, a resident of Lee County, Florida.

5. At all times material hereto, Plaintiff REYES was, and continues to be, a resident of Seminole County, Florida.

6. At all times material hereto, RBF was a Foreign Limited Liability Company with its principal office in Scottsdale, Arizona. Further, at all times material hereto, RBF was registered to do in business in Florida, regularly conducting business in Polk County, Florida. *See* Corporation search result attached hereto as **Exhibit A**.

7. At all times material hereto, Restoration Builders of Florida was a fictitious name registered to, and owed by Restoration Builders, Inc.

8. At all times material hereto, Plaintiffs were "employees" of

Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

10. Defendant was, and continues to be an "employer" within the meaning of the FLSA.

11. At all times material to this action, Defendant RBF was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant RBF was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as tarp, wood, metals, cutting machines, sealing machines, and other tools used in its business.

14. At all times material hereto, the work performed by the Plaintiffs were directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15. On or about October 5, 2022, Defendant hired Plaintiff NOVAK to work as a non-exempt hourly paid "Tarp Supervisor." Plaintiff NOVAK

worked in this position through October 26, 2022.

16. Plaintiff NOVAK was hired as an employee.

17. Plaintiff Novak worked as an employee throughout his employment.

18. Defendant promised Plaintiff NOVAK $50.00 per hour, a $25.00 daily per diem, and expense reimbursement for purchases made for Defendant.

19. Based on Defendant's promise, Plaintiff NOVAK agreed to perform work for Defendant.

20. On or about September 30, 2022, Defendant hired Plaintiff REYES to work as a non-exempt hourly paid "Project Manager." Plaintiff REYES worked in this position through November 23, 2022.

21. Plaintiff Reyes was hired as an employee.

22. Plaintiff REYES worked as an employee throughout his employment.

23. Defendant promised Plaintiff REYES $48.00 per hour, a $25.00 daily per diem, and expense reimbursement for purchases made for Defendant.

24. Based on Defendant's promise, Plaintiff REYES agreed to perform work for Defendant.

25. Plaintiffs received job descriptions listing them as an employees.

26. Plaintiffs received employee handbooks.

4

27. Plaintiff's signed employment contracts describing them as employees.

28. In Hurricane Ian's immediate aftermath, in one or more workweeks, Defendant required Plaintiffs to work nearly fourteen (14) hours a day, seven (7) days per week.

29. Moreover, Plaintiffs were required to drive to assigned locations during their continuous workday. This resulted in driving hundreds of miles each workweek.

30. Defendant required Plaintiffs use their personal vehicle as a company vehicle, and incur vehicle expenses on Defendant's behalf.

31. Plaintiffs' vehicles were thus used as a tool of the trade.

32. Between October 5, 2022, and October 26, 2022, in one or more workweeks, Defendant failed to compensate Plaintiff NOVAK <u>at all</u> for the hours that he worked.

33. Between September 30, 2022, and November 23, 2022, in one or more workweeks, Defendant failed to compensate Plaintiff REYES <u>at all</u> for the hours that he worked.

34. Plaintiffs sought their unpaid wages from Defendant, Defendant initially indicated that they would be paid.

35. Initially, Plaintiff NOVAK was told that the delay was due to an issue with Defendant's corporate office.

36. Subsequentially, long after the end of their employment,

Defendant stated that Plaintiffs needed to execute Independent Contractor Agreements, in order to receive payment, despite Plaintiffs having been hired as employees.

37. Defendant's requests that Plaintiffs execute independent contractor agreements and attendant documents were made <u>after</u> Plaintiffs completed all work for Defendant.

38. Plaintiffs were entitled to be paid at least minimum wage for their hours worked.

39. Plaintiffs were entitled to be paid one and one-half times the lowest lawful minimum wage for hours over forty (40) in a workweek.

40. Defendant failed to compensate Plaintiffs at the requisite minimum wage rates as well as the required overtime rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single workweek.

41. Defendant has violated Title 29 U.S.C. §206 from at least September 30, 2022, and continuing through November 2022, in that:

    a. Defendant failed to pay Plaintiffs at least minimum wage for all hours worked in violation of the FLSA;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiffs at the appropriate minimum wage for each hour worked; and

    c. Defendant's failure to reimburse Plaintiffs for vehicle

expenses incurred as a tool of the trade constitutes an unlawful kickback and interfered with Plaintiffs' right to receive their minimum wage "free and clear."

42. Defendant has violated Title 29 U.S.C. §207 from at least September 30, 2022, and continuing through at least November 2022, in that:

   a. Plaintiffs worked in excess of forty (40) hours in each week of their employment with Defendant;

   b. Defendant has failed to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA;

   c. No payments, or provisions for payments, have been made by Defendant to properly compensate Plaintiffs at the statutory rate of one and one-half time their regular rate for each hour worked; and

   d. Defendant's failure to reimburse Plaintiffs for vehicle expenses incurred as a tool of the trade constitutes an unlawful kickback and interfered with Plaintiffs' right to receive their overtime compensation "free and clear."

43. Defendant's failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA was willful, as Defendant knew Plaintiffs were not independent contractors, but purposefully

retroactively classified them as such in order to avoid payment obligations, including overtime.

44. Defendant refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

45. Plaintiffs performed work for Defendant based on Defendant's promise of payment.

46. Defendant benefitted from Plaintiffs' work.

47. Defendant did not pay Plaintiffs at all for their work.

48. It would be unjust to permit Defendant to retain the value and benefit of Plaintiffs' work without compensating them for same.

## COUNT I
## MINIMUM WAGE VIOLATION UNDER FLSA

49. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-48 above.

50. Plaintiffs were entitled to be paid minimum wage for each hour they worked during their employment with Defendant.

51. Defendant failed to pay Plaintiff NOVAK minimum wage for each hour he worked from October 5, 2022, through October 26, 2022.

52. Defendant failed to pay Plaintiff REYES minimum wage for each hour he worked from September 30, 2022, through October 26, 2022

53. Specifically, neither Plaintiff NOVAK, nor Plaintiff REYES were paid at all for the entire duration of their employment with Defendant.

54. Plaintiffs have, both during and after their employment, demanded proper compensation for their work for Defendant, but Defendant has refused and/or failed to compensate them for same. As a result of Defendant's actions in this regard, Plaintiffs have not been paid at least the minimum wage for each hour worked during their employment with Defendant.

55. Defendant had specific knowledge that it failed to pay Plaintiffs at least the minimum wage.

56. Defendant willfully failed to pay Plaintiffs the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

57. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs have been damaged at least in the loss of minimum wages for one or more weeks of work with Defendant.

58. Plaintiffs are entitled to not only their unpaid minimum wages but an equal amount in liquidated damages.

59. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

60. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-48 above.

61. From at least October 5, 2022, and continuing through October 26, 2022, Plaintiff NOVAK worked in excess of forty (40) hours per week for which Plaintiff NOVAK was not compensated at the statutory rate of one and one-half times his $50 per hour regular rate of pay.

62. From at least September 30, 2022, and continuing through November 23, 2022, Plaintiff REYES worked in excess of forty (40) hours per week for which Plaintiff REYES was not compensated at the statutory rate of one and one-half times his $48 per hour regular rate of pay.

63. Defendant paid Plaintiffs nothing at all during their employment.

64. Plaintiff NOVAK is entitled to be paid one and one-half times his regular rate for overtime hours, or $75 per overtime hour.

65. Plaintiff REYES is entitled to be paid one and one-half times his regular rate for overtime hours, or $72 per overtime hour.

66. Moreover, Plaintiffs are entitled, at a <u>minimum,</u> to be paid at least at the statutory rate of one and one-half times the lowest lawful minimum wage for those hours worked in excess of forty (40) hours for weeks that Defendant failed to pay them their wages. This is a rate of $16.50 per hour.

67. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs'

regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

68. Defendant has failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

69. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

70. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## BREACH OF CONTRACT

71. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-48 above.

72. Defendant agreed to pay Plaintiff NOVAK $50.00 per hour for his work as Tarp Supervisor, $25.00 daily per diem, and expense reimbursement for purchases.

73. Defendant agreed to pay Plaintiff REYES $48.00 per hour for his work as a Project Manager, $25.00 daily per diem, and expenses reimbursement for purchases.

74. Plaintiffs agreed to these terms and conditions of employment.

75. Plaintiffs then worked for Defendant, fulfilling their duties under the contract.

76. Defendant failed to pay Plaintiff NOVAK his promised wages for each week that he worked, between October 5, 2022, through October 26, 2022.

77. Defendant failed to pay Plaintiff REYES his promised wages for each week that he worked, between September 30, 2022, through November 23, 2022.

78. Defendant's failure to pay constitutes a material breach of the Parties' agreements.

79. Plaintiffs were damaged by Defendant's breach, in that they have not been paid the owed compensation for their labor.

80. Plaintiffs seek to recover their damages as a result of the breach.

81. The amounts owed are wages within the meaning of the Fla Stat. §448.08.

82. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs pursuant to Fla Stat. §448.08.

83. Plaintiff NOVAK seeks recovery of the promised $50 per hour; $25 per diem and expense reimbursement; as well as all pre and post judgment interest; reasonable attorneys' fees and costs; and all other appropriate relief as determined by the court.

84. Plaintiff REYES seeks recovery of the promised $48 per hour; $25 per diem and expense reimbursement; as well as all pre and post

judgment interest; reasonable attorneys' fees and costs; and all other appropriate relief as determined by the court.

85. Plaintiffs do not seek double recovery, and seek to offset these amounts by any damages as awarded pursuant to their FLSA claim.

## COUNT IV
## UNJUST ENRICHMENT
## (in the alternative)

86. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-48 above.

87. Plaintiffs conferred benefits on Defendant by performing hundreds of hours of work on Defendant's behalf.

88. Plaintiffs only undertook this work because Defendant promised to compensate them for same.

89. Defendant retained the value and benefit of hundreds of hours of Plaintiffs' work, purchases Plaintiffs made on its behalf, and use of Plaintiffs' personal vehicle for Defendant's work.

90. It would be unjust to allow Defendant to retain the value of Plaintiffs' work, purchases, and vehicle use without compensating them for same.

91. Plaintiffs' unjust enrichment claims seek to recover amounts that should have been paid by Defendant to Plaintiffs as wages.

92. As such, the amounts Plaintiffs seek to have reimbursed also constitute wages under Fl. Stat. § 448.08.

93. Plaintiffs is entitled to recover their reasonable attorneys' fees and costs under Fla. Stat. §448.08.

94. Plaintiff NOVAK seeks recovery of all value conferred on Defendant by his work, including his $50/hr hourly wage, $25 daily per diem, and expense reimbursement; pre and post judgment interest; reasonable attorneys' fees and costs; and any other relief deemed proper by the court.

95. Plaintiff REYES seeks recover of all value conferred on Defendant by his work, including his $48/hr hourly wage, $25 daily per diem, and expense reimbursement; pre and post judgment interest; reasonable attorneys' fees and costs; and any other relief deems proper by the court.

96. Plaintiffs do not seek double recovery, and seek to offset these amounts by any damages awarded pursuant to their FLSA Claims.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right.

Dated this 2nd day of June, 2023.

        Respectfully submitted,

        /s/ Angeli Murthy
        Angeli Murthy, Esquire, B.C.S
        FL Bar No.: 0088758
        Morgan & Morgan, P.A.
        8151 Peters Road, Suite 4000
        Plantation, FL 33324
        Tel: 954-318-0268
        Fax: 954-327-3016
        E-mail: amurthy@forthepeople.com
        *Trial Counsel for Plaintiffs*